Davy Pettigrew
9175305707
1912 1st Avenue Apt 612
Plushrealty1@gmail.com

# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Davy Pettigrew**<br>　　　Claimant,<br><br>v.<br><br>**Bank Of America Corporation**<br>　　　Respondent | )<br>)<br>)<br>) Case No.<br>)<br>) Jury Trial   Yes ✓   No<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action arises out of multiple violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq., hereinafter "FCRA") and New York General Business Law § 349 (hereinafter "GBL § 349") by Bank of America Corporation (hereinafter "Defendant"), in its repeated unlawful efforts to report inaccurate credit information regarding the Plaintiff.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S.C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district.

## PARTIES

3. Claimant, Davy Pettigrew (hereinafter "Plaintiff" ) is a resident of New York County in the state of New York state, a natural person, and a consumer as defined in 15 U.S.C § 1681a(c).

4. Upon information and belief, Defendant Bank Of America Corporation is a "person" defined by 15 U.S.C. § 1681a(b).

5. Bank Of America Corporation is a company doing business at all relevant times in the State of New York that may be served with process by serving its corporate address for service of process at 160 Mine Lake Ct Ste 200 Raleigh, NC 27615, which service is hereby requested.

## FACTS OF THE ALLEGATIONS

6. On October 3rd, 2024, the plaintiff examined his credit report and observed inaccurate and incomplete information regarding his Bank of America account, #552433XXXXXXXXXX as reported by Experian and Equifax.

7. The plaintiff filed a dispute with consumer reporting agencies Experian and Equifax regarding inaccurate and incomplete payment history information for the account mentioned above on the same day.

8. Both agencies subsequently forwarded the dispute to the defendant.

9. The results were verified on 10/11/24 for the plaintiff's Equifax report #4277563473 and on 10/17/24 for the plaintiff's Experian report #1899-0473-66, yet the information is still brazenly inaccurate and incomplete. (See Exhibits A and B.)

10. Upon information and belief, the defendant failed to conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from the plaintiff via the consumer reporting agency Equifax, as the company verified the disputed items on the plaintiff's credit report in just nine days.

11. Defendant confirmed inaccurate and incomplete information as correct with the consumer reporting agency Equifax without performing a reasonable investigation, as the disputed items remained glaringly incorrect and incomplete.

12. Later, the same level of negligence was demonstrated by the defendant regarding the plaintiff's Experian dispute, as the defendant hastily marked the account as updated while leaving part of it still inaccurate.

13. Defendant failed to request any additional documentation or information prior to updating the account status.

14. Defendant also failed to provide account-level documentation prior to modifying the account status, thereby failing to comply with the requisite standards for a proper investigation.

15. Defendant actions were willful because the Plaintiff has repeatedly disputed the same account multiple times, yet Defendant has consistently failed to properly update, block, or delete the disputed accounts as required by the Fair Credit Reporting Act.

16. On October 3, 2024, the Plaintiff contacted the Defendant, and the Defendant confirmed through verbal communication that the account had been closed and paid in full as of January. Notwithstanding, the Plaintiff has submitted multiple disputes concerning the incomplete and inaccurate payment history reported by the Defendant to more than one consumer reporting agency.

### *Plaintiffs Damages*

17. As a result of Defendant actions, the Plaintiff's creditworthiness has been negatively impacted due to the materially misleading credit reporting, which is being misinterpreted.

18. Plaintiff, who suffers from chronic hypertension, has experienced an exacerbation of said condition, along with emotional distress, fear, sleeplessness, anxiety, and a significant loss of time, as a direct result of Defendant's inaccurate, incomplete, and misleading reporting.

19. The Plaintiff has been compelled to seek medical consultation on multiple occasions due to stress and elevated blood pressure. Furthermore, the Plaintiff has experienced a diminished appetite, directly attributable to the stress and high blood pressure.

20. The Plaintiff's credit report was distributed multiple times, leading to a denial of credit by affirm on or around October 18th, 2024.

21. Defendant furnished materially misleading and incomplete credit information by failing to report payments made by Plaintiff on the account, thereby creating an inaccurate and adverse representation of the account history. This false and incomplete reporting misrepresented Plaintiff's efforts to satisfy the debt, falsely implying total nonpayment and unfairly damaging Plaintiff's creditworthiness in violation of 15 U.S.C. § 1681s-2(b).

22. Defendant's actions caused harm to Plaintiff by negatively impacting their credit reputation, financial standing, and ability to obtain credit on favorable terms.

## Count 1 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(A)

23. All preceding paragraphs are re-alleged.

24. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes received from a consumer reporting agency concerning the accuracy and completeness of an account raised by a consumer.

25. Furnishers are required to investigate the disputed information in accordance with 15 U.S.C. § 1681s-2(b)(1)(A).

26. Defendanthas consistently failed to investigate the plaintiff's disputes. The company was aware or should have been aware that it was providing incomplete and inaccurate actual payment information, as it received multiple disputes highlighting these inaccuracies and omissions.

27. Defendant actions, which involved either not conducting an investigation or failing to perform a reasonable investigation, violated 15 U.S.C. § 1681s-2(b)(1)(A). This makes Defendantliable for actual, statutory, and punitive damages, as well as costs under 15 U.S.C. § 1681n. Additionally, Defendant negligent actions entitle the plaintiff to recover under 15 U.S.C. § 1681o.

## Count 2  Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(B)

28. All preceding paragraphs are realleged.

29. Furnishers of credit information are required under the Fair Credit Reporting Act to investigate disputes received from a consumer reporting agency about the accuracy and completeness of an account raised by a consumer.

30. Furnishers are required to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

31. Defendant has failed to review all relevant information provided by the consumer reporting agency resulting in the continued inaccurate and incomplete reporting to the plaintiff's consumer report.

32. Defendant actions violated 15 U.S.C § 1681s-2(b)(1)(B) and renders Defendantliable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant's negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

### Count 3 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(C)

33. All preceding paragraphs are realleged.

34. Under the Fair Credit Reporting Act, furnishers of credit information have a responsibility to investigate disputes about account accuracy or completeness when a consumer reports them through a credit reporting agency.

35. Under 15 U.S.C. § 1681s-2(b)(1)(C), furnishers are required, pursuant to the law, to report the results of their investigation to the consumer reporting agency.

36. Defendant has failed to report the investigation results to the consumer reporting agency, as the inaccurate and incomplete items disputed by the Plaintiff remain unchanged.

37. Defendant either failed to conduct an investigation or performed an unreasonable one, as the disputed items remain inaccurate and incomplete. As a result, they would be unable to report the findings of an investigation they did not properly conduct or complete to the consumer reporting agencies.

38. Defendant's actions violated 15 U.S.C. § 1681s-2(b)(1)(C), making them liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, Defendant negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

### Count 4  Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(D)

39. All preceding paragraphs are realleged.

40. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes about the accuracy and completeness of an account when these disputes are forwarded to them by a consumer reporting agency on behalf of a consumer.

41. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(D), if an investigation reveals that the information is incomplete or inaccurate, furnishers are required to report the results to all consumer reporting agencies to which they provided the information, and that maintain nationwide files on the Plaintiff.

42. Defendant either failed to conduct an investigation or conducted an unreasonable one, and as a result, did not report the findings regarding the inaccurate and incomplete information

it provided to all consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

43. Defendant actions violated 15 U.S.C. § 1681s-2(b)(1)(D), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, Defendant negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

## Count 5  Violation of the Fair Credit Reporting Act

## 15 U.S.C. §1681s-2(b)(1)(E)

44. All preceding paragraphs are realleged.

45. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes concerning the completeness and accuracy of an account that are submitted to them by a consumer reporting agency on behalf of a consumer.

46. Under 15 U.S.C. § 1681s-2(b)(1)(E), if a disputed item of information is determined to be inaccurate, incomplete, or unverifiable after a reinvestigation, the furnishers must promptly modify, delete, or permanently block the reporting of that information to the consumer reporting agency, as appropriate based on the results of the reinvestigation.

47. Defendant either did not conduct an investigation or conducted an unreasonable one, which led to the verification of inaccurate and incomplete disputed items on the Plaintiff's consumer report.

48. Defendant's willful actions led to its failure to properly modify the disputed items, delete them, or permanently block the reporting of those disputed items.

49. Defendant actions violated 15 U.S.C § 1681s-2(b)(1)(E) and renders Defendant liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

50. Defendant actions violated 15 U.S.C. § 1681s-2(b)(1)(E), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, Defendant's negligent conduct entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

## Count 6 Violation of New York General Business Law § 349

51. All preceding paragraphs are re-alleged.

52. Under New York General Business Law § 349, it is unlawful for any person or entity to engage in deceptive acts or practices in the conduct of any business, trade, or commerce.

53. Defendant has engaged in deceptive practices by making materially misleading statements and representations regarding the plaintiff's account and obligations.

54. Defendant failed to:

    A. Conduct proper investigations into disputes regarding the plaintiff's account.
    B. Correct inaccuracies or disclose material information regarding the plaintiff's obligations.
    C. Act in good faith to prevent harm caused by their misleading representations and practices.
    D. Ensure accurate reporting and instead provided false or misleading information regarding the plaintiff's account, which caused harm to the plaintiff.

55. Defendant's actions, which include false advertising, misleading representation, and deceptive business practices, are violations of New York General Business Law § 349. As a result, Defendants are liable for actual damages or $50, whichever is greater, and may be subject to enhanced damages up to $1,000 under § 349(h), along with attorney's fees.

## **JURY DEMAND AND PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Davy Pettigrew, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

(a) Violating the Fair Credit Reporting Act.

(b) Damages pursuant to 15 U.S.C § 1681n(a)(1)(B) of $1000 per violation.

(c) Punitive damages as the court may allow pursuant to 15 U.S.C § 1681n(a)(2) and for such other and further relief as the court may deem just and proper.

(d) Violating the Fair Debt Collection Practices Act (FDCPA) and New York General Business Law § 349

(e) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of up to $1,000 for each violation of the FDCPA and actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

(f) Damages pursuant to N.Y. Gen. Bus. Law § 349(h) of up to $1,000 per violation

(g) Punitive damages as the court may allow and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

## CERTIFICATION AND CLOSING

**Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**



_____

# Exhibit A

Prepared For
**DAVY PETTIGREW**

**Personal & Confidential**

Date Generated  Oct 23, 2024
Report Number  0319-1911-66

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### BANK OF AMERICA

Account • 552433XXXXXXXXXX

Information on this item has been updated. Please review your report for the details.

You can contact BANK OF AMERICA at PO BOX 982238, EL PASO, TX 79998 or (800) 421-2110


**Updated**

 **After your dispute**

 **Account Info**

| | | | |
|---|---|---|---|
| Account Name | **BANK OF AMERICA** | Balance | - |
| Account Number | **552433XXXXXXXXXX** | Balance Updated | - |
| Account Type | **Secured Card** | Recent Payment | - |
| Responsibility | **Individual** | Monthly Payment | - |
| Date Opened | **10/16/2020** | Original Balance | **$400** |
| Status | **Paid, Closed.** | Highest Balance | **$450** |
| Status Updated | **02/2024** | Terms | - |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | 30 | 30 | — | — | — | — | — | — | — | — | — | — |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | — | — | — | — | — | — | — | — | — | ✓ | ✓ | ✓ |

✓ Current / Terms met     30 Past due 30 days

**Payment history guide**

30 days past due as of Feb 2024, Jan 2024

---

### Contact Info

Address          PO BOX 982238,
                 EL PASO TX 79998

---

### Comment

**Current:**

Account closed at consumer's request.

**Previous:**

None

---

### Your Statement

Y ITEM DISPUTED BY CONSUMER

---

### Reinvestigation Info

This item was updated from our processing of your dispute in Oct 2024.

---

## Before your dispute

### Account Info

| | | | |
|---|---|---|---|
| Account Name | BANK OF AMERICA | Balance | - |
| Account Number | 552433XXXXXXXXXX | Balance Updated | - |
| Account Type | Secured Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $0 |
| Date Opened | 10/16/2020 | Original Balance | $400 |
| Status | Paid, Closed. | Highest Balance | $450 |
| Status Updated | 02/2024 | Terms | - |

### Payment History



|  | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | 30 | 30 | — | — | — | — | — | — | — | — | — | — |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | — | — | — | — | — | — | — | — | — | ✓ | ✓ | ✓ |

✓ Current / Terms met       30 Past due 30 days

**Payment history guide**

30 days past due as of Feb 2024, Jan 2024

### Contact Info

Address        PO BOX 982238,
               EL PASO TX 79998

### Comment

**Current:**

Account closed at consumer's request.

**Previous:**

None

### Reinvestigation Info

This item was updated from our processing of your dispute in Oct 2024.

Prepared for:
**DAVY PETTIGREW**

# Exhibit B

**EQUIFAX**

Date: October 11, 2024
Confirmation # 4277563473

**Disputes Results At-a-Glance**

The results of the dispute you filed on 10/03/2024 with Equifax are complete. At-a-glance, here is the status of the item(s) included in your dispute:

❑ **Bank of America:** Account *3897          **VERIFIED AS REPORTED**

**How should I read my dispute results?**

- **"Deleted"** means, we have removed the item from your credit report.
- **"Updated"** means, we have updated one or more fields on the item based on the information you provided us with or that we received from the reporting company.
- **"Verified as Reported"** means, the reporting company has certified it is reporting the item accurately.

For an added convenience, use one of the below options to start a new dispute or check the status of a dispute in-process.

Visit us at equifax.com/personal/disputes or Call us toll-free at 888-EQUIFAX (888- 378-4329).

## Dispute Results - Details

### Credit Account Information

*This section includes open and closed Revolving, Installment, and Mortgage accounts reported by creditors.*

**Contact:  Bank of America  |  PO Box 982238, El Paso, TX, 79998-2238  |  (800) 421-2110**

**The reason you disputed this item:**   The status, payment history, or payment rating on this account is not correct.

**The results are:** VERIFIED AS REPORTED

The creditor told us that the reported status is correct. The creditor told us that the reported pay history is correct.

**Following fields updated:**  Additional Information



| Account Number | Terms Frequency |
|---|---|
| *3897 | **Monthly** |
| Creditor Classification | Actual Payment Amount |
| Date Maj Del 1st Reported | ount Balloon Pay Date |
| Type of Account **Revolving** | |

## 2.18 BANK OF AMERICA (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | xxxxxxxxxxxx 3897 | **Reported Balance** | $0 |
| **Account Status** NOT_MORE_THAN_TWO_PAYMENTS_PAST_DUE | | **Available Credit** | $400 |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | $417 | $318 | $439 | $449 |
| 2024 | $450 | $450 | $307 | $280 | $252 | $223 | $362 | $411 | $0 | | | |
| 2025 | | | | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | $35 | $35 | $47 | $53 |
| 2024 | $54 | $54 | $35 | $35 | $35 | $35 | $44 | $52 | | | | |
| 2025 | | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |



Where are the payments?

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | $400 | $400 | $400 | $400 |
| 2024 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | | | |

EQUIFAX   DAVY PETTIGREW | Feb 01, 2025   Page 55 of 83

Summary › Revolving › Mortgage › Installment › Other › Statements › Personal Info › Inquiries › Public Records › Collections